IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | | |
|---|---|---|
| JUAN CARLOS PIMENTEL, | : | |
| | : | |
| Petitioner, | : | |
| | : | |
| v. | : | Case No. 3:20-cr-45-CAR-CHW-1 |
| | : | Case No. 3:24-cv-59-CAR-CHW |
| UNITED STATES OF AMERICA, | : | 28 U.S.C. § 2255 |
| | : | |
| Respondent. | : | |
| | : | |

## ORDER AND RECOMMENDATION

Before the Court is Petitioner Juan Carlos Pimentel's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. (Doc. 204). For the following reasons, it is **RECOMMENDED** that the motion (Doc. 204) be **DENIED**. It is further **RECOMMENDED** that a certificate of appealability be **DENIED**.

## BACKGROUND

On September 17, 2020, Petitioner was indicted on one count of Conspiracy to Possess with Intent to Distribute Heroin in an amount over one kilogram,, Methamphetamine in an amount over 50 grams, and Cocaine. (Doc. 1). With the assistance of counsel, Petitioner waived indictment by the grand jury and pleaded guilty to a superseding information charging one count of Conspiracy to Possess with Intent to Distribute Heroin, with no specified amount, under 21 U.S.C. §§ 841(a)(1) and (b)(1)(C). (Docs. 142, 143). The plea agreement explained that this count carried a maximum term of twenty years, a maximum fine of $1,000,000, and at least three years of supervised supervision. (Doc. 147, p. 2–3).

1

As part of the plea agreement, Petitioner waived his right to appeal or collaterally attack his conviction and sentence under 28 U.S.C. § 2255, except for collateral attacks based on a claim of ineffective assistance of counsel. (*Id.*, p. 4). Petitioner initialed each page of his plea agreement and signed it on the final page beneath an acknowledgement that he had discussed the agreement with his attorney, fully understood the agreement, and agreed to its terms. (Doc. 259).

At the change of plea hearing, the Court addressed the appeal waiver contained in the plea agreement, and Petitioner confirmed that he freely and voluntarily waived his right to appeal his sentence, except for limited circumstances, by pleading guilty. (Doc. 206, p. 12). Petitioner stated that he understood that his sentence may be different than any estimate given to him by counsel, and that the Court could impose a harsher sentence than one in the advisory guideline range. (*Id.*, p. 13–14). The Court also asked whether Petitioner had discussed his guilty plea with counsel, and Petitioner responded that he had and was fully satisfied with the advice counsel had given him. (*Id.*, p. 10).

Petitioner faced a maximum prison sentence of 20 years or 240 months, but the presentence investigation report (PSR) indicated that Petitioner's sentencing guideline range was 188 to 235 months based upon a total offense level of 36 and a criminal history category of I. (Doc. 198, ¶¶ 73–74). The base offense level was 32, and Petitioner received a two-level enhancement for possessing a firearm in connection with the offense, a two-level enhancement for maintaining a premises for the purpose of manufacturing or distributing a controlled substance, and a three-level enhancement for his role as a manager or supervisor in the criminal activity. (*Id.*, ¶¶ 34–38). Petitioner objected to the firearm, maintaining a premises, and manager or supervisor enhancements. (Doc. 198-1).

At sentencing, the Court heard Petitioner's objections to the PSR. Petitioner's counsel objected first to the firearm enhancement, arguing that Petitioner possessed the gun for self-defense. (Doc. 207, p. 2–5). The Court overruled the objection. (*Id.*, p. 5). Petitioner's counsel objected next to the premises enhancement, and the Court overruled the objection. (*Id.*, p. 5–7). Finally, Petitioner's counsel objected to a three-level enhancement for Petitioner's role in the offense and argued that the plea agreement stipulated to a two-level enhancement (*Id.*, p. 8–9). The Court sustained the objection and applied a two-level increase for Petitioner's role. (*Id.*, p. 9, 14).

The Court then asked Petitioner if he had reviewed the PSR, and he responded yes. (Doc. 207, p. 9). Petitioner then stated his own objections to the PSR and began to explain why he possessed a firearm. (*Id.*, p. 10). While speaking, the Government interjected and explained that it was worried Petitioner was about to incriminate himself with regard to criminal conduct not covered by the plea agreement. (*Id.*, p. 10–12). Following a recess to confer with counsel, Petitioner informed the Court that he was apologetic and requested leniency. (*Id.*, p. 12–13). The Court determined that, based on Petitioner's total offense level and criminal history category, the advisory sentencing range was 168 to 210 months. (*Id.*, p. 14). The Court sentenced Petitioner to 168 months imprisonment—the bottom of the advisory guideline range. (*Id.*). Judgment was entered on July 13, 2023. (Doc. 200). Petitioner did not directly appeal his conviction.

On June 5, 2024, Petitioner, *pro se*, filed this motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. (Doc. 204). The Government responded on August 22, 2024, arguing that the Court should deny each ground of Petitioner's motion. (Doc. 208). As discussed below, Petitioner's Section 2255 motion should be denied.

## DISCUSSION

Petitioner, proceeding *pro se*, argues that his sentence should be vacated, set aside, or corrected pursuant to Section 2255 because he had ineffective assistance of counsel. Specifically, Petitioner argues that: (1) "My lawyer failed to adequately inform me that I was subject to a several enhancements in my sentencing guidlines [sic];" and (2) "My lawyer prevented me from speaking at my sentencing." (Doc. 204). As explained below, each of these arguments is meritless.

To prevail on a claim of ineffective assistance of counsel, Petitioner must establish by a preponderance of the evidence that (1) his attorney's performance was deficient, and (2) he was prejudiced by the inadequate performance. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *Chandler v. United States*, 218 F.3d 1305, 1312–13 (11th Cir. 2000). Petitioner must prove that his counsel's performance "was unreasonable under prevailing professional norms and that the challenged action was not sound strategy" to establish deficient performance. *Kimmelman v. Morrison*, 477 U.S. 365, 381, 384 (1986) (citing *Strickland*, 466 U.S. 688–89). To show that counsel's performance was unreasonable, Petitioner must establish that no competent counsel would have taken the action in question. *Van Poyck v. Fla. Dep't of Corrs.*, 290 F.3d 1318, 1322 (11th Cir. 2002) (per curiam); *Chandler*, 218 F.3d at 1315. There is a strong presumption that the challenged action constituted sound trial strategy. *Chateloin v. Singletary*, 89 F.3d 749, 752 (11th Cir. 1996). As for prejudice, Petitioner must show there is a reasonable probability that, but for counsel's inadequate representation, "the result of the proceeding would have been different." *Meeks v. Moore*, 216 F.3d 951, 960 (11th Cir. 2000) (quoting *Strickland*, 466 U.S. at 694). If Petitioner fails to establish that he was prejudiced by the alleged ineffective assistance, a court need not address the performance prong of the Strickland test. *See Holladay v. Haley*, 209 F.3d 1243, 1248 (11th Cir. 2000).

In challenging a guilty plea based on ineffective assistance of counsel, Petitioner must still satisfy the two-part *Strickland* test. *Hill v. Lockhart*, 474 U.S. 52, 58 (1985). In doing so, Petitioner may only attack the "voluntary and intelligent character of the guilty plea." *Id.* at 56–57 (citing *Tollett v. Henderson*, 411 U.S. 258, 267 (1973)). Petitioner may establish deficient performance by demonstrating that counsel's advice was not within the "range of competence demanded of attorneys in criminal cases." *McMann v. Richardson*, 397 U.S. 759, 771 (1970). Petitioner must satisfy the prejudice prong by demonstrating "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill*, 474 U.S. at 59; *see also Martin v. United States*, 949 F.3d 662, 667 (11th Cir. 2020). Further, Petitioner must also "convince the court that a decision to reject the plea bargain would have been rational under the circumstances." *Padilla v. Kentucky*, 559 U.S. 356, 372 (2010); *see Diveroli v. United States*, 803 F.3d 1258, 1265 (11th Cir. 2015) (affirming denial of motion to vacate because "it would not have been rational for [the petitioner] to reject his plea bargain").

I. **Petitioner Has Not Shown Ineffective Assistance of Counsel.**

   A. *Failure to Inform Petitioner of Sentencing Enhancements*

In his first argument in support of his ineffective assistance of counsel claim, Petitioner alleges that his counsel failed to inform him that he was subject to two additional sentencing enhancements. Specifically, Petitioner asserts that his counsel failed to inform him that he was subject to a two-point premises enhancement and a two-point firearm enhancement. This argument is meritless.

Plea negotiations qualify as a "critical stage" of the criminal proceedings to which the Sixth Amendment right to effective assistance of counsel applies. *Missouri v. Frye*, 566 U.S. 134, 141 (2012) (quoting *Padilla v. Kentucky*, 559 U.S. 356, 373 (2010)). Under the first prong of the

5

*Strickland* ineffective assistance of counsel analysis, "counsel owes a lesser duty to a client who pleads guilty than to one who goes to trial, although counsel still must 'make an independent examination of the facts and circumstances and offer an informed opinion to the accused as to the best course to follow.'" *Cruz v. United States*, 188 F. App'x 908, 913 (11th Cir. 2006) (quoting *Agan v. Singletary*, 12 F.3d 1012, 1017–18 (11th Cir. 1994)). To satisfy the second prong of the *Strickland* test and show prejudice to his case, Petitioner must show "not only that counsel committed professional error, but also a reasonable probability that, but for counsel's errors, [he] would not have pleaded guilty and would have insisted on going to trial." *Cruz*, 188 F. App'x at 913 (citing *United States v. Pease*, 240 F.3d 938, 941 (11th Cir. 2001)). To be entitled to collateral relief under such circumstances, Petitioner "must prove serious derelictions on the part of counsel sufficient to show that his plea was not, after all, a knowing and intelligent act." *Downs-Morgan v. United States*, 765 F.2d 1534, 1539 (11th Cir. 1985) (quoting *McMann*, 397 U.S. at 774).

Petitioner's allegation fails to meet the standard required to show ineffective assistance of counsel as to his plea agreement. Rather than demonstrating ineffectiveness, the record plainly reflects that Petitioner entered his plea agreement knowingly and voluntarily. In determining whether a plea a was entered knowingly and voluntarily, the Court must look to the plea colloquy and any written plea agreement. *Vanaman v. United States*, No. 16-15452-E, 2017 WL 11684637, *4 (11th Cir. Sept. 1, 2017) (citing *United States v. Jones*, 143 F.3d 1417, 1420 (11th Cir. 1998)). There is a strong presumption that Petitioner's statements during the plea colloquy were true. *United States v. Medlock*, 12 F.3d 185, 187 (11th Cir. 1994). Because Petitioner was under oath at the plea colloquy, "he bears a heavy burden to show his statements were false." *United States v. Rogers*, 848 F.2d 166, 168 (11th Cir. 1988).

Federal Rule of Criminal Procedure 11, which covers guilty pleas, does not require that a defendant be apprised of the applicable guideline range. *See* FED. R. CRIM. P. 11(b)(1). It requires only that the Court address the defendant personally and determine that the defendant understands any maximum penalty, any mandatory minimum penalty, and "the court's obligation to calculate the applicable sentencing-guideline range and to consider that range . . . ." *Id.*; *see Tate v. United States*, No. 2:13-CR-0082-LSC-TMP, 2015 WL 770413 (N.D. Ala. Feb. 24, 2015); *see also United States v. Sims*, No. 119CR00294WMRRGV1, 2024 WL 551882 (N.D. Ga. Feb. 12, 2024) (explaining that "any possible challenge regarding [counsel's] failure to inform Defendant of the four-point sentence would be harmless at best").

In this case, Petitioner argues that his counsel was ineffective for failing to discuss that he was subject to a two-level enhancement for "maintaining a premises for the purpose of manufacturing or distributing a controlled substance" and a two-level enhancement because the "offense involved possession of weapons (firearms)." (Docs. 204, p. 4; 198, ¶¶ 35, 36). Petitioner's argument that counsel was deficient is contradicted by the record. During the plea colloquy, Petitioner testified that: (1) he was pleading guilty of his own free will; (2) he was pleading guilty voluntarily because he was guilty of the crime; (3) he had talked with his attorney about pleading guilty and was fully satisfied with the advice given by counsel; (4) he understood the plea agreement; (5) the plea agreement accurately stated the facts of his criminal activity; (6) he understood that the maximum sentence was twenty years imprisonment; (7) he understood that the Court was free to reject the terms of the plea agreement and could impose a longer sentence than anticipated; (8) he understood that probation would create a PSR that may affect the length of his sentence; (9) he had discussed advisory sentencing guidelines with his attorney and understood that based on that PSR the Court may impose a longer sentence than one estimated by his counsel;

7

(10) he understood that he should not plead guilty based on any sentencing estimate given by anyone; and (11) he understood that the Court may impose a sentence longer than the advisory guideline sentence. (Doc. 206, p. 5–14). Pursuant to F.R.C.P. 11, the Court addressed Petitioner specifically about whether Petitioner understood the statutory maximum and how the PSR will affect sentencing. (*Id.*, p. 12–13).

Petitioner's statements during the plea colloquy constitute "a formidable barrier" that he has not overcome because he has not pointed to any evidence that those statements were false. *See Vanaman*, 2017 WL 11684637, *4 (citing *Blackledge v. Allison*, 431 U.S. 63, 74 (1977)). He has failed to meet the burden required to rebut his own sworn statements that he had discussed the case with counsel, was satisfied with his counsel's representation, understood the plea agreement and the consequences of pleading guilty, had discussed advisory sentencing guidelines with his attorney and understood that the PSR may recommend a higher sentence than one estimated by his counsel, and that he should not plead guilty based on any sentencing estimate from his counsel. *See* (Doc. 206, p. 5–14). Therefore, Petitioner has failed to show deficient performance.

Petitioner likewise has failed to show that he was prejudiced because he has not demonstrated that he would have insisted on going to trial but for counsel's error. *Pease*, 240 F.3d at 941. He does not allege that he is innocent of the charge. Nor does he offer a defense that would have helped him at trial. Petitioner faced a maximum sentence of 240 months, and the Court sentenced him ultimately to 168 months, the bottom-end of the sentencing guideline for his offense level. Under the circumstances, Petitioner has failed to show that a decision to reject the plea agreement in the case would have been rational. Rather, Petitioner received a benefit for his guilty plea because the plea to the superseding indictment reduced his statutory maximum of life to a range with no mandatory minimum and a maximum of twenty years. Petitioner has therefore failed

to establish his claim that counsel was ineffective for failing to communicate the firearm and premises enhancement to Petitioner.

### B. *Right to Allocution*

Petitioner's second claim alleges that his counsel was ineffective because she prevented Petitioner from speaking in violation of his "constitutionally protected right to allecusion [sic]." (Doc. 204, p. 5). "Allocution is the right of the defendant to make a final plea on his own behalf to the sentencer before the imposition of sentence." *United States v. Prouty*, 303 F.3d 1249, 1251 (11th Cir. 2002). This right is protected in the Federal Rules of Criminal Procedure, which provide that the Court, prior to imposing sentence, must "address the defendant personally in order to permit the defendant to speak or present any information to mitigate the sentence" FED. R. CRIM. P. 32(i)(4)(A)(ii). A court's denial of allocution is reviewed for plain error. *United States v. Doyle*, 857 F.3d 1115, 1118 (11th Cir. 2017) (citing *Prouty*, 303 F.3d at 1251). To find reversible error, the Court "must conclude that (1) an error occurred, (2) the error was plain, and (3) the error affected substantial rights." *Prouty*, 303 F.3d at 1251–52 (citations omitted).

In this case, the Court's inquiry ends at step one because no error occurred. At the sentencing hearing, the Court addressed Petitioner and asked if there was anything he wished to say. (Doc. 207, p. 9–10). While he was speaking, the Government interjected and advised the Court that Petitioner was "admitting to additional criminal conduct that is not covered by [the] plea negotiations." (*Id.*, p. 11). Following a recess, Petitioner's counsel informed the Court that she had discussed with Petitioner that he had a right not to incriminate himself. (*Id.*). The Court asked Petitioner again whether he had anything he wished to say. (*Id.*, p. 12). Petitioner responded that he was apologetic, and he requested leniency. (*Id.*, p. 12–13). Petitioner's argument that his attorney prevented him from speaking is clearly contradicted by the record. The Court asked

9

Petitioner twice whether he wished to speak, and Petitioner spoke to the Court both times. Petitioner has not shown that he was prevented by his counsel from testifying or, even if his counsel did so, that he was prejudiced as a result. Therefore, Petitioner has failed to establish that his counsel was ineffective by preventing Petitioner from speaking at his sentencing.

### II.     Petitioner is Not Entitled to an Evidentiary Hearing.

No evidentiary hearing is needed to resolve Petitioner's Section 2255 motion. Petitioner has the burden to establish the need for an evidentiary hearing, and the Court is not required to hold an evidentiary hearing where the record makes "manifest the lack of merit of a Section 2255 claim." *United States v. Lagrone*, 727 F.2d 1037, 1038 (11th Cir. 1984) (citation omitted). As discussed above, "the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); *see also Rosin v. United States*, 786 F.3d 873, 877–78 (11th Cir. 2015) ("[A]n evidentiary hearing is unnecessary when the petitioner's allegations are affirmatively contradicted by the record.") (internal quotations and citations omitted). Therefore, no evidentiary hearing is necessary.

### CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate of appealability may issue only if the applicant makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

If a court denies a collateral motion on the merits, this standard requires a petitioner to "demonstrate that reasonable jurists would find the district court's assessment of the constitutional

claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Petitioner has not met this standard, and, therefore, a certificate of appealability in this case should be denied.

## CONCLUSION

For the reason discussed herein, it is **RECOMMENDED** that Petitioner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (Doc. 204) be **DENIED**. It is further **RECOMMENDED** that a certificate of appealability be **DENIED**.

## OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this Recommendation, or seek an extension of time to file objections, WITHIN FOURTEEN (14) DAYS after being served with a copy thereof. Any objection is limited in length to TWENTY (20) PAGES. See M.D. Ga. L.R. 7.4. The District Judge shall make a de novo determination of those portions of the Recommendation to which objection is made. All other portions of the Recommendation may be reviewed for clear error. The parties are further notified that, pursuant to Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice."

**SO RECOMMENDED**, this 12th day of March, 2025.

                                      s/ Charles H. Weigle
                                      Charles H. Weigle
                                      United States Magistrate Judge